**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **KELLIE LIPPNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 07 C 448** |
| | ) | |
| **DEUTSCHE BANK NATIONAL** | ) | |
| **TRUST COMPANY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Kellie Lippner's ("Lippner")
motion for summary judgment. This matter is also before the court on Defendant
Litton Loan Servicing, L.P.'s ("Litton") and Defendant Deutsche Bank National
Trust Co.'s ("Deutsche") motion for summary judgment. For the reasons stated
below, we grant Litton's motion for summary judgment with respect to all claims.
We deny Deutsche's motion for summary judgment with respect to all claims.
Finally, we grant summary judgment in favor of Lippner with respect to its claims
against Deutsche, the only remaining Defendant.

1

## BACKGROUND

Lippner alleges that on June 25, 2004, she obtained a $161,000 mortgage loan ("Mortgage") from Residential Mortgage Assistance Enterprise, LLC ("Residential Mortgage"), a mortgage assistance company, in order to refinance her prior existing loan obligations. The loan was allegedly secured by Lippner's home in New Lenox, Illinois. Lippner further states that at some point during the life of the loan, Litton obtained a legal interest in the Mortgage and asserted a right to collect payment under the terms of the adjustable rate note ("Note") that Lippner signed in connection with her Mortgage. Lippner also alleges that Deutsche subsequently retained an interest in the loan.

According to Lippner, at the closing of the Mortgage she was provided with a Truth in Lending Disclosure Statement ("Disclosure Statement") and a Notice of Right to Cancel ("NORTC"). Lippner claims that the Disclosure Statement she received was incomplete in violation of Federal Reserve Board Regulation Z, 12 C.F.R. § 226 ("Regulation Z"), since it did not include a complete payment schedule. Lippner also alleges that she did not receive enough copies of the NORTC and that the copy she did receive was incomplete, also in violation of Regulation Z. Lippner alleges that the violations with respect to the Disclosure Statement and the NORTC extended the period of time in which she had a legal right to cancel the Note and rescind the Mortgage.

Lippner alleges that she exercised her right to cancel the Note within the extended time period. Defendants allegedly refused to acknowledge Lippner's loan

cancellation, return the funds received, and void the security interest held in Lippner's property. Lippner has brought the instant action to rescind the Mortgage and recover damages for alleged violations of the Truth in Lending Act, 15 U.S.C. 1601, *et seq*. ("TILA"). Residential Mortgage, which was originally a defendant in the instant action, was voluntarily dismissed by Lippner after it filed for Chapter 11 Bankruptcy. Litton and Deutsche have filed a joint motion for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P.

56(e).  A "genuine issue" in the context of a motion for summary judgment is not

simply a "metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co.,*

*Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Rather, a genuine issue of

material fact exists when "the evidence is such that a reasonable jury could return a

verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000).  The

court must consider the record as a whole, in a light most favorable to the non-

moving party, and draw all reasonable inferences that favor the non-moving party.

*Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th

Cir. 2000).

On cross-motions for summary judgment, each party's motion is considered

separately and all factual uncertainties are resolved and all reasonable inferences are

drawn against the party whose motion is under consideration.  *Benion v. Bank One,*

*Dayton, N.A.*, 967 F. Supp. 1031, 1035 (N.D. Ill. 1997); *Crespo v. Unum Life Ins.*

*Co. of Am.*, 294 F. Supp. 2d 980, 991 (N.D. Ill. 2003).

## DISCUSSION

In support of her motion for summary judgment, Lippner argues: (1) that the

undisputed facts establish a violation of Regulation Z and TILA since Lippner was

not provided with a complete Disclosure Statement and NORTC and since Lippner

was not provided with two copies of the NORTC, (2) that by law, the failure to

4

disclose material information and proper notice of Lippner's right to cancel extended the period during which Lippner had a right to cancel the loan for three years, (3) that the undisputed facts establish that Lippner properly and timely elected to cancel the Note and rescind the Mortgage, and (4) that the undisputed facts establish that Defendants refused to allow Lippner to exercise rescission in further violation of TILA. Defendants also move for summary judgment arguing: (1) that Litton is not a creditor, but rather a loan servicer, and is therefore not liable for TILA violations, (2) that the undisputed facts establish that the Disclosure Statement provided by Deutsche was accurate and that Lippner did receive two copies of the NORTC, (3) that since Lippner is not capable of tendering payment and for other statutory reasons, Deutsche cannot be liable for statutory damages or attorney's fees for failing to rescind, and (4) that summary judgment is appropriate since a state court has ruled that the subject loan transaction is a valid lien on Lippner's real estate.

## I. Liability of Litton

Defendants assert that Litton is entitled to summary judgment since Litton is not a creditor as defined by TILA and therefore cannot be liable for violations of TILA. Only creditors can be liable for damages and rescission for failure to comply with TILA's terms relating to disclosures and notice of the right to cancel. 15 U.S.C. § 1640 ("Section 1640"). TILA defines a "creditor" as:

. . . a person who both (1) regularly extends, whether in connection with

loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.

15 U.S.C. § 1602. Litton argues that the undisputed facts establish that Litton is merely a "servicer" of the Mortgage and is not the mortgagee, an assignee of the Mortgage, and is not in any way a creditor with respect to the Mortgage pursuant to TILA. (DSJ Mem. 3). TILA defines a "servicer" as "the person responsible for servicing the loan." *See* 15 U.S.C. § 1641(f)(3)(stating that the term "servicer" carries the same definition as in 12 U.S.C. § 2605(i)(2)). Pursuant to TILA, a servicer is not considered an assignee of a mortgage "unless the servicer is or was the owner of the obligation." 15 U.S.C. § 1641(f)(1).

In the Local Rule 56.1 Statement of Facts submitted in support of Defendants' motion for summary judgment, Defendants state that Litton "is the servicer of the above referenced loan." (DSF Par. 3). In response, Lippner denies that Litton is merely a servicer of the loan but fails to point to any evidence suggesting that Litton holds a greater interest in the Mortgage that would qualify Litton as a "creditor" under TILA. (R DSF Par. 3). Instead, Lippner objects to the fact that Defendants have not complied with Lippner's discovery request to provide her with information regarding Litton's interest in the Mortgage. (R DSF Par. 3). All discovery in the instant action was ordered to be completed by June 29, 2007. (OR 6/5/07). At no

point prior to the discovery deadline (or after the discovery deadline) has either party filed a motion to compel discovery. The motion for summary judgment phase of the litigation is not the proper time for airing discovery disputes.

Pursuant to Local Rule 56.1(b), a party opposing summary judgment must file a "concise response to the movant's statement" along with "specific references to the affidavits, parts of the record, and other supporting materials relied upon" to support the denial of the moving party's statement. L.R. 56.1(b). A denial of a statement of fact that is evasive and does not directly oppose the assertion is improper and thus the contested fact is deemed admitted pursuant to Local Rule 56.1. *Jankovich v. Exelon Corp.,* 2003 WL 260714, at *5 (N.D. Ill. 2003); *see also Dent v. Bestfoods,* 2003 WL 22025008, at *1 n.1 (N.D. Ill. 2003). In the instant action, Lippner has not properly denied Defendants' assertion that Litton is merely the servicer of the loan. Thus, that fact is deemed admitted for the purposes of the instant motion. L.R. 56.1(b). There is nothing in the record on summary judgment to suggest that Litton is a creditor with respect to the Mortgage, which would subject Litton to the relevant provisions under TILA. Therefore, based on the undisputed facts, Litton is not responsible for the rescission of the Mortgage or statutory damages under TILA. Thus, we grant Defendants' motion for summary judgment on all claims brought against Litton.

## II. Alleged Violations of TILA

Both parties agree that Deutsche is an assignee of the Mortgage and is thus subject to the relevant provisions of TILA at least to some extent. (R PSF Par. 2). Lippner argues in support of her motion for summary judgment that there is undisputed evidence demonstrating that her rights under TILA were violated since she was provided with an incomplete Disclosure Statement and NORTC and since she was provided with only one copy of the NORTC. Defendants have not disputed the fact that the Disclosure Statement provided to Lippner included only the total number of payments, the amount of each payment, and the concluding date on the payment schedule. (R PSF Par. 10). Defendants do not dispute that the Disclosure Statement did not contain the date upon which each payment was due. (R PSF Par. 10). Defendants have, however, disputed Lippner's contention that she only received one copy of the NORTC and that the NORTC was incomplete. (R PSF Par. 8).

The Seventh Circuit has stated that "TILA imposes an explicit requirement that a lender include '[t]he number, amount, and *due dates or period of payments scheduled to repay the total payments*,' in its Disclosure Statement to the borrower." *Hamm v. Ameriquest Mortg. Co.*, 506 F.3d 525, 528 (7th Cir. 2007)(quoting in part 15 U.S.C. § 1638(a)(6))(emphasis in original). The Federal Reserve Board ("FRB") is responsible for implementing the rules set out in TILA and it was the FRB that promulgated Regulation Z. *Id.* According to the Seventh Circuit, "[c]ourts pay particular heed" to the FRB's regulations "'especially'" concerning TILA and

Regulation Z. *Id.* (quoting in part *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 565 (1980)). Regulation Z states that "'[t]o meet [TILA's disclosure statement] requirement creditors may list all of the payment due dates'" or may "'specify[] the 'period of payments' scheduled to repay the obligation . . . by disclos[ing] the payment intervals or frequency. . . .'" *Id.* (quoting 63 Fed. Reg. 16673).

The Seventh Circuit has recently held that a creditor's failure to set the payment schedule in explicit detail would constitute a violation of TILA. *Id.* at 530. In light of this recent precedent, Defendants concede to the fact that the Disclosure Statement was incomplete and constituted a "technical" violation of TILA. (Resp. PSJ 1). A material factual dispute does remain between the parties regarding the issue of whether Lippner was provided with two copies of the NORTC and whether the NORTC was improperly completed in further violation of TILA. (R PSF Par. 8). However, as Defendants concede, the factual dispute over the NORTC is a moot issue in light of the fact that Defendants have already admitted that a TILA violation occurred in the instant action when Lippner was provided with an incomplete Disclosure Statement. (Resp. PSJ 1). Therefore, based on the undisputed facts, it is clear that Lippner was provided with an incomplete Disclosure Statement and that this constituted a violation of TILA.

III. Right to Cancel

Lippner argues that the TILA violation with respect to her Disclosure

Statement extended her right to cancel the Note and rescind the Mortgage for a period of three years. All consumers have a right to rescind a mortgage loan during a limited time period following the loan transaction. *See* 15 U.S.C. § 1635(a)(stating that "the obligor shall have the right to rescind the transaction until midnight on the third business day following the consummation of the transaction"). However, certain violations of TILA may extend the obligor's right to cancel beyond the initial period. *See, e.g.*, 12 C.F.R. § 226.23(a)(3). Pursuant to Regulation Z, the obligor's right to cancel extends from three business days to three years when a creditor fails to deliver "the required notice or material disclosures" to the obligor. *Id.*

Lippner argues that the TILA violation with respect to the incomplete Disclosure Statement constituted a failure to provide a material disclosure and thus extended the rescission period on the Mortgage to three years. The schedule of payments that Defendants failed to disclose in the instant action constitutes a "material disclosure" under TILA. 15 U.S.C. § 1602. Lippner points to other courts in this district that have confronted the exact same omissions by a creditor and found that such TILA violations provided a basis for the extension of the rescission period to three years. (PSJ Mem. 8). The Seventh Circuit has addressed a case where the defendants engaged in the exact same conduct as in the instant action and affirmed the district court's ruling allowing the debtor to rescind the loan due to the extended rescission period. *Hamm*, 506 F.3d at 531.

Defendants have provided no argument to dispute Lippner's contention that

their admitted TILA violation with respect to the incomplete Disclosure Statement extended the rescission period for three years under TILA. Defendants do dispute the issue of whether there was proper notice of a right to cancel provided in the NORTC. However, this is once again a moot issue since the period to cancel the loan was already extended by the TILA violation with respect to the Disclosure Statement. Therefore, as a matter of law, we find that the period during which Lippner could cancel the loan was extended by the TILA violation to three years from the date of the closing of the Mortgage.

## IV. Validity of Lippner's Rescission Demand

In support of her motion for summary judgment, Lippner asserts that she properly sought to exercise her right to cancel the Note and rescind the Mortgage on December 27, 2006, within the extended period of Lippner's right to cancel ("Rescission Demand"). Defendants admit that on December 27, 2006, Lippner mailed the Rescission Demand through her attorney to Residential Mortgage and Litton. (DSF Par. 8). Defendants concede that this demand was not honored and that Deutsche proceeded with a prosecution for foreclosure upon Lippner in Illinois state court. (R PSF Par. 2). Defendants argue that, notwithstanding the extended period for rescission, Deutsche is not liable for statutory damages or attorney's fees since Lippner did not maintain a unilateral right to cancel the loan. Defendants argue that Lippner was not entitled to rescission at the time she made the demand since she

was unable to tender the proceeds of the loan when she made the demand and since a right to rescission should only become enforceable when a court determines that the obligor had a right to rescind.

Pursuant to the statutory language in 15 U.S.C. § 1635 ("Section 1635"), an obligor can rescind a loan so long as the obligor "notif[ies] the creditor, in accordance with regulations of the [FRB], of his intention to do so" within the rescission period. 15 U.S.C. § 1635(a). Also pursuant to Section 1635, "[w]ithin 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, down payment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction." 15 U.S.C. § 1635(b). Defendants do not argue that the Rescission Demand failed to conform to the requirements set out by the FRB. Defendants make no argument that the Rescission Demand did not constitute a valid demand for rescission. Defendants instead argue that equitable principles should preclude Deutsche from liability for the failure to honor the Rescission Demand.

Defendants argue that requiring a creditor to honor a rescission demand prior to a court's determination that the obligor has such a right to rescind would be "put[ting] the horse before the cart." (Resp. PSJ 10). Defendants suggest that there should be some obligation upon the borrower to prove legally that a right to rescind existed before any obligation would arise on the part of the creditor to honor the

demand for rescission. Defendants point to no legal authority to demonstrate that such an obligation exists and the argument flies in the face of the express provisions of TILA. Section 1635 states in unqualified terms that a creditor must honor an obligor's valid demand for rescission by taking the statutorily enumerated steps within 20 days "except when otherwise ordered by court." 15 U.S.C. § 1635(b). The language of TILA makes no reference to any prior duty on the part of the obligor to prove legally that her demand for rescission is valid or any right on the part of the creditor to refuse to honor such a demand until a court of law determines that a right to rescind does exist. Defendants make the public policy argument that under the statutory scheme, "a creditor or assignee will risk exposure for failing to rescind a loan when it has a valid defense to rescission." (Resp. PSJ 10). First, this argument is not persuasive in the context of the instant action given that Defendants have not shown a valid defense to rescission. Second, under TILA's statutory scheme, a creditor can always avoid risk of exposure by complying with the statutory provisions in TILA and the instructions of the FRB in Regulation Z.

Defendants also argue that there was no obligation to honor the Rescission Demand since they allege Lippner is not capable of, herself, honoring the rescission. Even if an obligor has a right to rescind, that obligor is still under an obligation to tender the remaining balance of the loan after factoring in the rescission amount. 15 U.S.C. § 1635(b). However, TILA explicitly states that the obligor's duty to tender the property to the debtor only arises once "the creditor's obligations under [TILA]"

are completed.  *Id.*  A factual dispute remains between the parties regarding the issue of whether Lippner was or is capable of tendering the remaining loan balance, after taking into account the rescission amount.  Defendants argue that Lippner testified at her deposition that she did not have the cash on hand to pay off the remaining balance of the loan.  (DSF Par. 16).  The parties dispute whether Lippner presently or previously could obtain refinancing to allow her to pay off the remaining balance of the loan.  (R DSF Par. 16).

Regardless of the factual dispute between the parties surrounding Lippner's ability to pay off the balance of the loan, Defendants were under a legal obligation pursuant to Section 1635 to honor the Rescission Demand.  15 U.S.C. § 1635(b). TILA clearly requires that the creditor satisfy its obligations relating to the rescission *prior* to any obligation by the obligor to pay the balance of the loan.  *Id.*  Defendants admit that to date, no steps have been taken to "reflect the termination of the security interest created under the transaction."  *Id.*  Therefore, the burden is yet to shift to Lippner to satisfy her end of the rescission transfer.  The issue of whether Lippner can satisfy her rescission obligations will not arise until Defendants have completed their obligations pursuant to TILA.  Therefore, the undisputed facts establish, as a matter of law, that Lippner's Rescission Demand was a valid demand for rescission and the failure to honor that demand was a further violation of TILA.

## V. Rescission as a Remedy

The first remedy that Lippner seeks in the instant action is rescission of the Mortgage. As stated above, Lippner's extended right to rescind was three years from the date of the closing of the Mortgage, which occurred on June 25, 2004. Also as stated above, Lippner properly and timely submitted a Rescission Demand which was not honored by Deutsche. Thus, pursuant to Section 1635, Lippner is entitled to the remedy of rescission. Defendants argue that Lippner is not entitled to rescission since a judgment of foreclosure and sale was entered against Lippner in the state action relating to the Mortgage. Defendants have not cited any law or advanced any argument that would demonstrate that the state court judgment of foreclosure should preclude Deutsche from liability for rescission. None of the TILA claims were presented in the state court action. Therefore, regardless of whether the state court found that the Mortgage constituted a valid lien at that time, the issue of Defendants' TILA violation and Deutsche's liability for rescission remained ripe. *See In re Walker*, 232 B.R. 725, 733-34 (N.D. Ill. 1999)(stating that "the evidence used by [the defendant] that it was entitled to a judgment of foreclosure is not the same evidence that [the plaintiff] would use to demonstrate that [the defendant] violated the TILA" and thus, the judgment of foreclosure could not form the basis for collateral estoppel or res judicata). Therefore, as a matter of law, Lippner is entitled to rescission and is entitled to summary judgment on that issue.

## VI. Statutory Damages and Attorney's Fees

In Lippner's complaint, she also demands statutory damages under TILA and attorney's fees for the failure to rescind the Mortgage. Under Section 1640, "any creditor who fails to comply with any requirement imposed under . . . section 1635, . . . is liable to such person. . . ." for statutory damages, including "the costs of the action, together with a reasonable attorney's fee as determined by the court. . . ." 15 U.S.C. § 1640(a). As stated above, there was a violation of Section 1635 when Deutsche, as an assignee, refused to honor Lippner's valid and timely Rescission Demand. Defendants argue that Deutsche, as an assignee of the Note and not the original creditor, cannot be liable for statutory damages or attorney's fees to Lippner for failing to honor the Rescission Demand since the original TILA violation was not apparent on its face.

The parties agree that Deutsche is not the original creditor with respect to the Mortgage, but rather is an assignee of the Mortgage. (R PSF Par. 2). There is a separate provision in TILA specifically stating the obligations of loan assignees. 15 U.S.C. § 1641. Pursuant to TILA, an assignee of a mortgage is "subject to all claims and defenses with respect to that mortgage that the consumer could assert against the creditor of the mortgage. . . ." 15 U.S.C. § 1641(d)(1). However, TILA also states that an action under TILA that "may be brought against a creditor may be maintained against an assignee of such a creditor only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement, except

16

where the assignment was involuntary." 15 U.S.C. § 1641(a). Defendants argue that

the TILA violation with respect to the Disclosure Statement was not apparent on the

face of the Disclosure Statement and therefore Deutsche, as an assignee, cannot be

liable pursuant to 15 U.S.C. § 1641(a). TILA defines a violation that is "apparent on

the face" as a violation that "includes, but is not limited to (1) a disclosure which can

be determined to be incomplete or inaccurate from the face of the disclosure

statement or other documents assigned, or (2) a disclosure which does not use the

terms required to be used by this subchapter." *Id.* Defendants devote their entire

argument with respect to the issue of whether the TILA violation was apparent on its

face, to the fact that the NORTC was completed in full in the file transferred to

Deutsche. (DSJ Mem. 5). Defendants point to no evidence and make no argument

to suggest that the violation with respect to the incomplete Disclosure Statement was

not a violation that is apparent on its face, pursuant to TILA. In fact, the undisputed

evidence shows that the Disclosure Statement provided to Lippner did not properly

include a payment schedule and that this deficiency could be determined by merely

looking at the face of the Disclosure Statement provided. (R PSJ Par. 10). Thus, the

TILA violation with respect to the Disclosure Statement is clearly a facial violation

under the definition set forth in TILA. 15 U.S.C. § 1641(a). Therefore, despite the

fact that Deutsche is an assignee it does not escape liability for statutory damages

and attorney's fees as a result of 15 U.S.C. § 1641(a).

      Defendants also argue that Deutsche cannot be held liable for statutory

damages and attorney's fees for failing to honor the Rescission Demand since it is an assignee and not a creditor, and they further argue that assignees cannot be held liable for statutory damages and attorney's fees under Section 1640. Section 1640 specifically states that any *creditor* failing to comply with Section 1635 is liable for statutory damages. 15 U.S.C. § 1640(a). Deutsche argues that since it is an assignee, it is not a creditor and cannot be held liable for statutory costs and attorney's fees under Section 1640. The issue of whether an assignee can be held liable under Section 1640 has arisen several times in this district. In *Fairbanks Capital Corp. v. Jenkins*, 225 F. Supp. 2d 910 (N.D. Ill. 2002), the district court found that an assignee can be held liable for failing to honor a demand for rescission, notwithstanding the fact that the language in Section 1640 does not explicitly include assignees as subject to liability. *Id.* at 916. The district court in *Fairbanks* found that it was "clear from § 1640 taken as a whole that Congress intended for § 1640(a)'s remedies to apply to any creditor *or assignee* that violates TILA's provisions." *Id.* (emphasis in original). In *Walker v. Gateway Financial Corp.*, 286 F. Supp. 2d 965 (N.D. Ill. 2003) and *Bills v. BNC Mortg.*, 502 F. Supp. 2d 773 (N.D. Ill. 2007), two other courts in this district found the assignee would not be liable for the imposition of statutory damages for refusing to comply with a demand for rescission. *Walker*, 286 F. Supp. 2d at 968; *Bills*, 502 F. Supp. 2d at 776. However, in both *Walker* and *Bills*, the courts relied on the fact that the underlying TILA violations in both cases were not apparent on the face of the original creditors' disclosures. *Walker*, 286 F. Supp. 2d at 968; *Bills*, 502 F. Supp. 2d at 776. These courts both found that given

18

the fact that the underlying violation was not apparent on its face, allowing an assignee to be liable for statutory damages "'would create an impermissible end run around the obvious congressional purpose that underlies the Section 1641(a) enactment of a statutory equivalent to a bona fide purchaser rule.'" *Bills*, 502 F. Supp. 2d at 776 (quoting *Walker*, 286 F. Supp. 2d at 968).

The instant action is distinguishable from *Bills* and *Walker* in the sense that, as stated above, the underlying TILA violation with respect to the Disclosure Statement was apparent on its face under the statutory definition set out in 15 U.S.C. § 1641(a). In this case, unlike in *Bills* and *Walker*, the assignee is not the equivalent of a bona fide purchaser. Thus, the instant action is comparable to *Fairbanks* where the original creditor allegedly failed to disclose the right to rescind to the obligors and where the documents at the closing allegedly purported to "confirm" that the obligors would not rescind the mortgages. *Fairbanks*, 286 F. Supp. 2d at 912. After taking the entire statutory scheme of TILA into consideration, we find that an assignee of a mortgage should be held liable for statutory damages and attorney's fees for failing to honor a demand for rescission when the underlying TILA violation is apparent on its face. Under 15 U.S.C. § 1641(a), an assignee is subject to the same liability as the original creditor when the underlying TILA violation is apparent on its face. Thus, an assignee should be subject to the same liability as a creditor when it fails to honor a rescission demand properly made by the obligor in a situation such as this, where the assignee has fair notice of the underlying TILA violation.

Based on the foregoing we find that Deutsche is liable for statutory damages including attorney's fees for its failure to honor Lippner's Rescission Demand, which was timely and otherwise proper.  The underlying deficiency in the Disclosure Statement was apparent on its face and put Deutsche on notice that the period in which Lippner could cancel the Note and Rescind the Mortgage had been effectively extended to three years from the date of the closing.  By failing to honor Lippner's Rescission Demand, Deutsche violated Section 1635 and is properly subject to statutory damages as outlined in Section 1640.

# CONCLUSION

Based on the foregoing analysis, we grant Defendant Litton's motion for summary judgment with respect to all claims. We deny Defendant Deutsche's motion for summary judgment with respect to all claims. We grant Lippner's motion for summary judgment with respect to her claims against Deutsche. We have found that Lippner is entitled to rescission of the Mortgage and that Deutsche is liable for statutory damages as set out in 15 U.S.C. § 1640. Based on the foregoing, Lippner will have until March 12, 2008, to submit supplemental briefing on the appropriate damages calculation. Deutsche will have until March 19, 2008, to respond to Lippner's calculation of damages.


Samuel Der-Yeghiayan
United States District Court Judge


Dated:   February 26, 2008