IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KELLIE LIPPNER,                )
                               )
         Plaintiff,            )
                               )
    v.                         )   No. 07 C 448
                               )
                               )
DEUTSCHE BANK NATIONAL         )
TRUST COMPANY, et al.,         )
                               )
         Defendants.           )

MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Kellie Lippner's (Lippner) petition for attorney's fees and costs (Petition). For the reasons stated below, we grant in part and deny in part the Petition.

BACKGROUND

Lippner alleges that on June 25, 2004, she obtained a $161,000 mortgage loan (Loan) from Residential Mortgage Assistance Enterprise, LLC (Residential Mortgage), a mortgage assistance company, in order to refinance her prior existing loan obligations. The Loan was allegedly secured by Lippner's home in New Lenox,

1

Illinois. Lippner further states that at some point during the life of the Loan, Defendant Litton Loan Servicing, L.P. (Litton) obtained a legal interest in the Loan and asserted a right to collect payment under the terms of the adjustable rate note (Note) that Lippner signed in connection with her Loan. Lippner also alleges that Defendant Deutsche Bank National Trust Co. (Deutsche) subsequently retained an interest in the Loan.

According to Lippner, at the closing of the Loan she was provided with a Truth in Lending Disclosure Statement (Disclosure Statement) and a Notice of Right to Cancel (NORTC). Lippner claims that the Disclosure Statement she received was incomplete in violation of Federal Reserve Board Regulation Z, 12 C.F.R. § 226 (Regulation Z), since it did not include a complete payment schedule. Lippner also alleges that she did not receive enough copies of the NORTC and that the copy she did receive was incomplete, also in violation of Regulation Z. Lippner alleges that the violations with respect to the Disclosure Statement and the NORTC extended the period of time in which she had a legal right to cancel the Note and rescind the Loan.

Lippner alleges that she exercised her right to cancel the Note within the extended time period. Defendants allegedly refused to acknowledge Lippner's loan cancellation, return the funds received, and void the security interest held in Lippner's property. Lippner brought the instant action to rescind the Loan and recover damages for alleged violations of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq*. (TILA). Residential Mortgage, which was originally a defendant in the instant action, was voluntarily dismissed by Lippner after it filed for Chapter 11

Bankruptcy.

On February 26, 2008, in a memorandum opinion, we granted Litton's motion for summary judgment with respect to all claims, denied Deutsche's motion for summary judgment on liability with respect to all claims, and we granted summary judgment in favor of Lippner on liability with respect to Lippner's claims against Deutsche. We also found Deutsche liable for rescission of Lippner's mortgage loan secured by Lippner's residence, actual damages, and statutory damages under TILA. On September 9, 2008, we granted in part and denied in part Lippner's motion for summary judgment on the issue of damages. We subsequently denied Deutsche's motion for reconsideration. Lippner now brings the instant motion for fees and costs.

## LEGAL STANDARD

Pursuant to 15 U.S.C. § 1640, any individual that violates certain portions of TILA, is liable "in the case of any successful action to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635" for the sum of "the costs of the action, together with a reasonable attorney's fee as determined by the court. . . ." 15 U.S.C. § 1640(a)(3). Federal Rule of Civil Procedure 54 and Local Rules 54.1, 54.2, and 54.3 explain how a party may request attorney's fees and costs. Fed. R. Civ. P. 54; LR 54.1, 54.2, 54.3. A court should exclude from fee requests fees relating to "hours that were not 'reasonably expended' on the litigation." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999)(quoting in part *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

For a TILA case, the proper amount of fees is calculated by multiplying the "'the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate.'" *Strange v. Monogram Credit Card Bank of Georgia*, 129 F.3d 943, 945 (7th Cir. 1997)(quoting *Hensley*, 461 U.S. at 433). A party seeking the award of attorney's fees "bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed." *Spegon*, 175 F.3d at 550. A court can also "increase or decrease the amount in light of the *Hensley* factors, which include the time and labor required, skill needed, amount involved and results obtained, time limitations imposed by the case, experience, and reputation and ability of the lawyers." *Strange*, 129 F.3d at 946.

## DISCUSSION

In the instant Petition, Lippner seeks $33,310.00 in attorney's fees and $681.00 in costs. Deutsche contests both requests.

I. Request for Fees

Deutsche does not contest the fact that Lippner, as a prevailing party, may recover attorney's fees under TILA. However, Deutsche argues that the Petition is untimely. Deutsche also argues that even if Lippner's Petition was timely, the number of hours and hourly rate claimed by Lippner's attorney are not reasonable and are not properly supported. Finally, Deutsche suggests that any attorney's fee award should be adjusted downward based on the fact that Lippner did not prevail on

4

her claims against other Defendants.

A. Timeliness of Petition

Deutsche's first argument is that the court should not award Lippner any fees or costs since her Petition was filed more than 90 days after judgment was entered in the instant action. However, while the Local Rules in this district do set a 90-day period of filing a fee petition, the court has discretion to modify the time period for filing a fee petition. L.R. 54.3(g). In this case, there was a heavily contested motion for reconsideration pending after the court entered judgment and Lippner filed the instant petition the same day this court issued its ruling on the motion for reconsideration. We also note, as Lippner points out, that Deutsche also failed to comply with Local Rule 54.3 when it failed to respond to Lippner's letter seeking to confer on attorney's fees pursuant to Local Rule 54.3. L.R. 54.3. Thus, since neither party has complied with Local Rule 54.3 and since there was no undue delay on the part of Lippner in filing the instant petition the court will accept the Petition instanter. *See Farfaras v. Citizens Bank and Trust of Chicago*, 433 F.3d 558, 569 (7th Cir. 2006)(noting that the district court properly "engaged in a thorough analysis of [the plaintiff's attorneys'] fees and costs" even when both parties failed to comply with Local Rule 54.3).

B. Support and Reasonableness of Number of Hours

In the Petition, Lippner requests payment for 78.2 hours of work performed by

5

her attorney Lloyd Brooks (Brooks) and 29.7 hours of work performed by Brooks' "law clerk" Charles Howell (Howell). (Mot. 6). In support of her request, Lippner has included detailed time logs documenting the actions taken by Brooks and Howell in this case. Lippner indicates that the hours requested already factor in the redaction of substantial amount of time spent by Brooks on the case. Deutsche argues that such an amount of time claimed by Brooks and Howell is unreasonable and not supported by the record. Deutsche correctly notes that it is Lippner's burden to show that the number of hours spent is reasonable. *Spegon*, 175 F.3d at 550. Deutsche has pointed to nothing to indicate that the number of hours spent by Brooks and Howell was unreasonable. Most notably, Deutsche has not pointed to any information about how much time was spent by Deutsche's attorneys with respect to the instant action. While the burden lies with Lippner to establish reasonableness, we find that Lippner has met that burden and that the number of hours spent by Brooks and Howell were reasonably expended.

### C. Reasonable Hourly Rate

Deutsche also argues that the hourly rates requested by Lippner for Brooks and Howell is unreasonable and not supported by the record. Lippner requests $350 an hour for Brooks' services and $200 an hour for Howell's services. Deutsche argues that Lippner has not supported her Petition with an affidavit from Brooks indicating his usual hourly rate. Deutsche also points out that Brooks was retained

by Lippner on a contingency basis. (Compl. Ex. E). In cases where an attorney "maintains a contingent fee or public interest practice" and the court is "unable to determine the attorney's true billing rate . . . the court should look to the next best evidence–the rate charged by lawyers in the community of 'reasonably comparable skill, experience, reputation.'" *People Who Care v. Rockford Bd. of Educ., School Dist. No. 205*, 90 F.3d 1307, 1310 (7th Cir. 1996)(quoting in part *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

With respect to Brooks, we note that numerous other courts in this district have upheld similar fee petitions for attorney's fees based on hourly rates in excess of the requested $350 per hour. *See e.g., Jones v. Ameriquest Mortg. Co.*, 2009 WL 631617, at *4 (N.D. Ill. 2009)(finding hourly rates of $465 for the main partners on a TILA case to be reasonable); *Hamm v. Ameriquest Mortg. Co.*, 549 F. Supp. 2d 1018, 1022 (N.D. Ill. 2008)(reducing a request for $550 an hour for the partners representing the plaintiff in a TILA case to $450 an hour); *Turner v. Beneficial Nat. Bank*, 405 F. Supp. 2d 929, 933 (N.D. Ill. 2005)(awarding fees for an attorney in a TILA case based on an undisputed hourly rate of $475); *Payton v. New Century Mortgage Co.*, 2004 WL 524693, at *2 (N.D. Ill. 2004)(finding hourly rates of $370 for the main partners on a TILA case to be reasonable). Brooks has submitted documentation reflecting the fact that Brooks has represented parties in 44 different cases in this district. In light of the fact that other lawyers performing comparable work have been awarded attorney's fees in this district based on higher hourly rates than the rate requested by Brooks, we find that Lippner has met her burden of

showing that the requested rate for Brooks is reasonable.

With respect to Howell, who Lippner refers to as Brooks' "law clerk," Lippner has not shown that the requested $200 an hour is a reasonable rate. (Mot. 6). An affidavit attached to Lippner's reply indicates that Howell has since passed the Illinois bar examination, but that Howell performed the work in connection to the instant action prior to the time that he was admitted to the Illinois Bar. Thus, Howell was not acting as a lawyer when he performed the relevant services. Howell's services are, therefore, more comparable to a paralegal than an attorney with respect to the instant petition. Howell does not include any other information in his affidavit that would indicate the reasonable hourly rate for his services and it falls upon the court to consider the rate charged by others who are reasonably comparable to Howell. The awards by other courts in this district would indicate that an hourly rate of $100 is reasonable for the services of a paralegal or other individual who is working in a non-attorney capacity. *See Jones*, 2009 WL 631617, at *5 (finding uncontested paralegal hourly billing $100 to be reasonable); *Williams v. Viking Dodge, Inc.*, 2006 WL 1156396, at *3 (N.D. Ill. 2006)(finding a paralegal hourly billing rate of $105 to be reasonable); *Turner*, 405 F. Supp. 2d at 932-33 (finding a request for $190 an hour for work performed by law graduate who had not yet been admitted to the bar to be excessive); *Payton*, 2004 WL 524693, at *2 (finding the reasonable hourly rate for paralegals to be $100-105). As Deutsche points out, Lippner's request of $200 per hour for the services provided by Howell is only slightly less than the amount that attorneys for Deutsche have billed to their client.

Therefore, based on the record before us, the court concludes that the appropriate hourly rate for Brooks is $350 and the appropriate hourly rate for Howell is $100.

As indicated above, the proper method for calculating reasonable attorney's fees is to multiply "'the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate.'" *Strange*, 129 F.3d at 945 (quoting *Hensley*, 461 U.S. at 433). In this case, calculating the reasonable number of hours spent multiplied by the reasonable hourly rates, as determined above, reveals that the reasonable attorney's fee award in this case is $30,340.00.

### D. Downward Adjustment for Unsuccessful Claims

In opposition to Lippner's Petition, Deutsche also suggests that the court should modify the award of attorney's fees based on the fact that Lippner did not succeed on all of her claims against all of the Defendants and the fact that the Petition does not segregate the hours spent on various claims. While it is true that, when considering an award of attorney's fees the court should consider the "results obtained" by the plaintiff, *Hensley*, 461 U.S. at 434, in this case, as Lippner points out in her reply, Lippner brought the exact same action against all Defendants. In regard to the results obtained, "a prevailing plaintiff is not entitled to fees for time expended pursuing unsuccessful claims that were unrelated to those claims on which the plaintiff ultimately prevailed." *Jaffee v. Redmond*, 142 F.3d 409, 413-14 (7th Cir. 1998)(stating that "'[u]nrelated claims [must] be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the

unsuccessful claim'")(quoting *Hensley*, 461 U.S. at 434).  In the instant action, the claims were not so unrelated as to warrant a downward modification.  Lippner sought rescission of the Loan and was successful in that regard with respect to Deutsche.  The fact that other Defendants were not held to be jointly and severably liable for Lippner's damages does not mean that Lippner is not a prevailing party.  To the extent that Deutsche argues it is being held responsible for attorney's fees based on hours that were not spent on the case against Deutsche, that argument is unpersuasive.  Deutsche was a party to all of the contested motions in this case and Brooks would have been required to brief such motions and make the necessary court appearances even if Deutsche was the only named Defendant.  Therefore, we decline to adjust the award of attorney's fees downward based on Lippner's unsuccessful claims and we award Lippner $30,340.00 in attorney's fees.

## II. Costs

In the instant Petition, Lippner states generally that she is seeking $681.00 in costs, which Lippner describes as "filing costs, service fees, copying, certified mailings, and computer legal research."  (Mot. 6).  As Deutsche points out, outside of Lippner's vague description of such costs, Lippner has provided no other information supporting such a request including an itemization of such costs or documentation to show that such costs were, in fact, incurred.  We note that Lippner actually provides conflicting information about the precise amount of costs incurred, stating at one point in her Petition that the total expenses were $601.88 (Pet. 6), but ultimately

10

seeking $681.00 in costs.  We agree with Deutsche that based on the limited information provided by Lippner we cannot conclude that such costs were reasonable and "necessary to the litigation. . . ."  *Little v. Mitsubishi Motors North America, Inc.*, 514 F.3d 699, 702 (7th Cir. 2008).  Therefore, we deny Lippner's request for costs in its entirety.

## CONCLUSION

Based on the foregoing analysis, we grant in part and deny in part Lippner's Petition for attorney's fees and award Lippner $30,340.00 in attorney's fees.  We also deny Lippner's request for costs.

                                                                      _____
                                                                      Samuel Der-Yeghiayan
                                                                      United States District Court Judge

Dated:   May 19, 2009